UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-MJ-02303-Elfenbein

IN RE SEALED COMPLAINT

_____/

FILED BY_____CB_____D.C.

Feb 14, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No

3. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024?   No

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   /s/Kseniya Smychkouskaya
Kseniya Smychkouskaya
Assistant United States Attorney
Florida Bar No. 0112744
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9080
Kseniya.Smychkouskaya@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>LUIS ENRIQUE VELIZ RIERA,<br><br>_Defendant._ | )<br>)<br>) Case No. 25-MJ-02303-Elfenbein<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __October 17, 2024__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida and elsewhere__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(5)(A) | Possession of a Firearm by an Illegal Alien |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_Complainant's signature_
Badge No. 9400

Christopher Shuman, Special Agent HSI
_Printed name and title_

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __February 14, 2025__

_Judge's signature_

City and state: __Miami, Florida__     Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Christopher Shuman, being duly sworn, depose and state as follows:

1. I am a Special Agent with Homeland Security Investigations ("HSI"), United States Department of Homeland Security ("DHS"), and have been so employed since September 3, 2019. I am currently assigned to the Fort Lauderdale Violent and Organized Crime Strikeforce, an investigative entity with primary focus of violent transnational gangs and complex organized crime investigations. Based on my training and experience as a HSI Special Agent, I am familiar with the methods and practices of individuals utilizing, concealing, and procuring unlawful firearms.

2. As a Special Agent with HSI, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). I am empowered by law to conduct investigations and to make arrests for offenses enumerated in Titles 8, 18, 19, and 21 of the United States Code.

3. I make this Affidavit in support of a criminal complaint charging Luis Enrique VELIZ RIERA ("VELIZ RIERA") with a violation of Title 18, United States Code, Section 922(g)(5)(A), Possession of a Firearm by an Illegal Alien. The information contained in this Affidavit is based upon my own personal knowledge and my review of documents and records gathered during the course of this investigation, as well as information obtained, directly or indirectly, from other sources and agents, including information provided to me by other agents and employees who are involved in the investigation. I have not included in this Affidavit each fact and circumstance known to me but only the facts and circumstances that I believe are sufficient to establish probable cause in support of the criminal complaint.

1

**PROBABLE CAUSE**

4. VELIZ RIERA came to law enforcement's attention when the Homestead Police Department and HSI were investigating suspected members of a violent transnational gang originated in Venezuela "Tren de Aragua" ("TdA"). On or about October 16, 2024, HSI received a tip that there were armed TdA gang members engaged in an illegal activity at the Floridian Hotel in Homestead, Florida ("Hotel"). The tip indicated that the TdA gang members drove a Ford Explorer bearing an Illinois license plate.

5. On or about October 17, 2024, VELIZ RIERA was observed entering a Ford Edge, which looks similar to a Ford Explorer, bearing an Illinois license plate. Law enforcement conducted an investigatory stop of the vehicle. Due to VELIZ RIERA's state law violations, discovered during the investigative stop and unrelated to the proposed federal charge, and an open arrest warrant from another jurisdiction, law enforcement arrested VELIZ RIERA.

6. United States Border Patrol ("USBP") agents responded to the scene. Their investigation confirmed that VELIZ RIERA was a citizen and national of Venezuela and he had no legal status in the United States.

7. VELIZ RIERA confirmed that he stayed at the Hotel and provided law enforcement with his Hotel room number ("Hotel Room"). It was the same room number as reported by the tip received by HSI. VELIZ RIERA stated that three additional individuals, including his girlfriend, N. D. R. G., stayed in that Hotel Room.

8. On the same date, October 17, 2024, law enforcement conducted an investigative stop of a vehicle that departed from the Hotel with N. D. R. G. being a passenger. N. D. R. G. freely admitted to USBP that she was a citizen and national of Venezuela and entered the United

2

States illegally near El Paso, Texas. USBP confirmed that N. D. R. G. neither had immigration history nor did she possess any immigration documents that would allow her to be legally present in the United States.

9. USBP told N. D. R. G. that she was going to be transported to the Dania Beach Border Patrol Station and asked if she had any property to be retrieved from the Hotel Room. N. D. R. G. told USBP that she had a firearm that she purchased illegally in New York, and that firearm was in a small yellow bag located next to one of the beds in the Hotel Room.

10. Law enforcement investigation confirmed that VELIZ RIERA and N. D. R. G. had a firearm in the Hotel Room. The firearm was found and retrieved from a small yellow bag located next to one of the beds in the Hotel Room.

11. The firearm was a black/silver Taurus, PT609 Pro 9mm, a semi-automatic handgun with serial number TGW81856. The firearm contained one 9mm live round of ammunition in the chamber and one black extended thirty-round magazine containing thirty 9mm live rounds of ammunition. Law enforcement investigation confirmed that the handgun was a firearm under Title 18, United States Code, Section 921(a)(3), and it had been transported from one state to another.

12. After her arrest, N. D. R. G. provided law enforcement consent to search her mobile device. Law enforcement extracted the mobile device and reviewed its content. Review of N. D. R. G.'s mobile device revealed multiple images displaying VELIZ RIERA in possession of a firearm.

13. On or about November 16, 2024, when VELIZ RIERA was released from the State custody and USBP detained him, law enforcement confirmed that VELIZ RIERA was subject to

an Order of Removal issued by an Immigration Judge. VELIZ RIERA was then placed in the Alternative to Detention ("ATD") electronic monitoring program and released from custody.

14.    On February 3, 2025, VELIZ RIERA was administratively arrested by HSI and United States Immigration and Customs Enforcement ("ICE) Enforcement and Removal Operations ("ERO") for a custody re-determination. On the same date, HSI, the Federal Bureau of Investigation ("FBI"), and ICE ERO interviewed VELIZ RIERA.[1] Law enforcement read VIERA RIERA his *Miranda* warnings, and VELIZ RIERA waived his rights and agreed to speak with law enforcement.

15.    VELIZ RIERA admitted to presenting himself at the El Paso, Texas port of entry on February 27, 2023, using the Customs and Border Patrol ("CBP") One Application. At that time, the CBP One Application allowed undocumented aliens to submit advance information and schedule appointments at border ports of entry.[2]

16.    Upon VELIZ RIERA's entry into the United States on February 27, 2023, he was paroled into the United States with his parole set to expire on February 26, 2024. Prior to being released into the United States, he received a Notice to Appear, requiring his appearance before an Immigration Judge. The Notice to Appear contained the address provided by VELIZ RIERA and described his responsibilities to keep his address updated with the Immigration Court and the consequences for a failure to appear. The location for the Immigration Court in Las Vegas, Nevada,

---

[1] During the interview, the Affiant observed that VELIZ RIERA had a certain tattoo on his body which was indicative of his association with TdA.

[2] Effective January 20, 2025, the functionalities of CBP One Application that previously allowed undocumented aliens to submit information and schedule appointments at eight southwest border ports of entry is no longer available, and existing appointments have been cancelled.

was chosen based on VELIZ RIERA's representation that he was going to Las Vegas, Nevada, to meet with his cousin.

17. Due to VELIZ RIERA's failure to appear before an Immigration Judge, the Immigration Court issued an Order of Removal on or about April 30, 2024.

18. VELIZ RIERA admitted that he never attended the scheduled Immigration Court hearing. Instead, he stayed in El Paso, Texas, for approximately two months waiting for N. D. R. G. to enter the United States. Once N. D. R. G. crossed the border in Texas, VELIZ RIERA and N. D. R. G. traveled to Chicago, Illinois, around April or May 2023. They remained in Chicago for approximately one year. VELIZ RIERA stated that at some point, he traveled with N. D. R. G. to New York and then to Florida.

19. VELIZ RIERA acknowledged that he neither made an effort to attend the immigration hearing in Nevada, change the venue for his deportation proceedings, nor update his location with the Immigration Court or other immigration authorities. VELIZ RIERA admitted that he has never applied to adjust his status before or after his arrest in October 2024.

20. During the post-*Miranda* interview, VELIZ RIERA was shown several images and videos displaying the firearm. Those images and videos were found on N. D. R. G.'s mobile device. VELIZ RIERA stated that the firearm displayed on the images and videos was the same handgun that was recovered from the Hotel Room.

21. VELIZ RIERA stated that N. D. R. G. purchased the firearm in Queens, New York for $1,000. VELIZ RIERA admitted that the last time he held the firearm was October 17, 2024, the day he was arrested in Homestead, Florida. VELIZ RIERA said he handled the firearm and

loaded ammunition into the magazine. VELIZ RIERA admitted to taking photographs with the firearm. VELIZ RIERA described the firearm as a Taurus, 9mm, with a thirty-round magazine.

22. The Affiant searched through law enforcement databases and confirmed that VELIZ RIERA presented himself to CBP at the El Paso, Texas point of entry in February 2023. VELIZ RIERA was determined to be an arriving alien and was issued a Notice to Appear before an Immigration Judge for his deportation proceedings.

23. The Affiant verified that VELIZ RIERA was a citizen and national of Venezuela with a Final Order of Removal for an immigration violation. The Affiant further verified that VELIZ RIERA was not a citizen or resident of the United States and was present in the United States illegally and unlawfully.

## CONCLUSION

24. Based on the aforementioned information, I respectfully submit that there is probable cause to believe that on or about October 17, 2024, VELIZ RIERA did knowingly commit the offense of Possession of a Firearm by an Illegal Alien, in violation of Title 18, United States Code, Section 922(g)(5)(A).

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
CHRISTOPHER SHUMAN    Badge No. 9400
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this __14th__ day of February 2025.

_____
HONORABLE MARTY FULGUEIRA ELFENBEIN
UNITED STATES MAGISTRATE JUDGE

6

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 25-MJ-02303-Elfenbein

### BOND RECOMMENDATION

DEFENDANT: LUIS ENRIQUE VELIZ RIERA

PTD
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: /s/ Kseniya Smychkouskaya
AUSA: Kseniya Smychkouskaya

Last Known Address: 18201 SW 12th Street

Miami, Florida 33194

What Facility: Krome Detention Center

Agent(s): S/A Christopher Shuman
(FBI) (SECRET SERVICE) (DEA) (IRS) (ICE) (OTHER)
HSI